**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-2554**
_____

BARBARA M. AGNEW; MICHAEL R. AGNEW,

Plaintiffs - Appellants,

v.

UNITED LEASING CORPORATION,

Defendant - Appellee.

_____

**No. 16-1134**
_____

BARBARA M. AGNEW; MICHAEL R. AGNEW,

Plaintiffs - Appellants,

v.

UNITED LEASING CORPORATION,

Defendant - Appellee.

_____

Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk.   Arenda L. Wright Allen, District Judge.   (2:14-cv-00525-AWA-DEM; 14-73415-SCS; 14-07085-SCS)

_____

Argued:  January 24, 2017                    Decided:  February 22, 2017

_____

Before WILKINSON, WYNN, and FLOYD, Circuit Judges.

---

Affirmed by unpublished opinion. Judge Wilkinson wrote the opinion, in which Judge Wynn and Judge Floyd joined.

---

**ARGUED**: Steven Scott Biss, LAW OFFICE OF STEVEN S. BISS, Charlottesville, Virginia, for Appellants.  Nathaniel Lyle Story, HIRSCHLER FLEISCHER, P.C., Richmond, Virginia, for Appellee.  **ON BRIEF**: R. Webb Moore, HIRSCHLER FLEISCHER, P.C., Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

WILKINSON, Circuit Judge:

Plaintiffs appeal a district court order related to a forbearance agreement between Barbara and Michael Agnew and United Leasing. For the reasons that follow, we affirm.

I.

On June 2, 2000, Barbara and Michael Agnew, their company AGM Development Corporation, and United Leasing Corporation executed an agreement (the "Forbearance Agreement") to resolve a dispute over how much the Agnews owed ULC under a promissory note and several leases. The Agnews agreed to confess judgment in favor of ULC for up to almost $1.2 million. At the time, the Agnews were engaged in litigation against Resource Bank, and the Forbearance Agreement contemplated their recovery from that litigation as a means of paying part of the confessed judgment. The Agnews would be released from personal liability under the Forbearance Agreement after a "final unappealable verdict or full settlement" in their suit against Resource Bank. J.A. 24. The Agnews also appointed an attorney-in-fact to confess the judgment against them, "ratifying and confirming the acts of said attorney-in-fact as if done by themselves." J.A. 26.

The Agnews' litigation against Resource Bank was dismissed in 2005 because of the Agnews' failure to prosecute it. In 2007, the Agnews and ULC were involved in a separate lawsuit (the "2007 Litigation"). ULC sought a foreclosure of the Agnews' personal house in Virginia Beach to satisfy a debt secured by a deed of trust that had not

3

been released by the Forbearance Agreement. This dispute was settled, and the lawsuit was dismissed.

By 2008, the Agnews still had not paid the amount owed under the confessed judgment. ULC filed suit in Virginia state court seeking to sell the Agnews' house, this time to satisfy ULC's lien under the confessed judgment. The Agnews raised several challenges to the foreclosure, asserting that the confessed judgment was void because it had not properly been served, that they had no personal liability under the Forbearance Agreement, and that ULC had breached the Forbearance Agreement. After years of litigation, the Circuit Court of the City of Richmond rejected these arguments and ordered a foreclosure sale of the Agnews' property to take place on September 22, 2014. The foreclosure, however, was stayed on September 19, 2014 when the Agnews filed a Chapter 11 bankruptcy petition.

On October 3, 2014, the Agnews filed the present suit against ULC in bankruptcy court seeking a determination of the amount they owed to ULC. The Agnews again argued that the confessed judgment was void because of lack of service, that they had no personal liability under the terms of the Forbearance Agreement, and that ULC had breached the Forbearance Agreement. The Agnews requested a jury trial, and the bankruptcy court referred the proceeding to the district court.

After the district court granted ULC's motion to dismiss the Agnews' breach of contract claims as barred by the statute of limitations, both parties filed motions for summary judgment. The Agnews missed the deadline for filing their brief in opposition

to ULC's motion for summary judgment and filed a motion for leave to file their brief twelve days late, which ULC opposed. On August 10, 2015, the district court denied the Agnews leave to file their brief late.

On November 13, 2015, the district court granted ULC's motion for summary judgment, holding that the Agnews had failed to rebut a presumption that the confessed judgment had been served and that the Agnews were subject to personal liability under the terms of the Forbearance Agreement. In addition, the district court instructed ULC to prepare a draft judgment with sanctions against the Agnews for their submission of a heavily redacted transcript from the 2007 Litigation. The Agnews had submitted this transcript with their brief opposing ULC's motion to dismiss, but the redactions had misled the court on the posture of that case. The district court found that sanctions were justified because the redactions appeared to be intentionally misleading, resulted in confusion in the district court's order, and prolonged the proceedings. The Agnews now appeal.[1]

## II.

On appeal, the Agnews raise five separate issues. We shall address each in turn.

## A.

The Agnews first dispute the district court's rejection of their argument that the confessed judgment was void because it was never served. The district court granted

---

[1] While this appeal was pending, the Agnews' bankruptcy petition was dismissed. Nonetheless, we exercise our discretion to retain jurisdiction over this adversary proceeding. *See In re Morris*, 950 F.2d 1531, 1534 (11th Cir. 1992).

summary judgment to ULC on the validity of the confessed judgment, finding that the Agnews had not presented sufficient evidence to overcome a presumption of service. We do not reach that question because we hold that the Agnews waived any objection to the service of the confessed judgment.

We review de novo a district court's grant of summary judgment and may "affirm on any legal ground supported by the record." *Jackson v. Kimel*, 992 F.2d 1318, 1322 (4th Cir. 1993). The Forbearance Agreement is "governed by the substantive laws of the Commonwealth of Virginia." J.A. 25.

Under Virginia law, judgments confessed by an attorney-in-fact must be served on the judgment debtor within ten days of entry of the judgment. Va. Code Ann. § 8.01-438. Virginia law, however, also generally allows a party to "waive by contract any right conferred by law or contract." *Gordonsville Energy, L.P. v. Va. Elec. & Power Co.*, 512 S.E.2d 811, 818 (Va. 1999). Specific to this case, Virginia courts have held that the right to service of a confessed judgment may be waived by contract. *Holt v. Nedry*, 64 Va. Cir. 373 (Va. Cir. Ct. 2004).

The Agnews waived their right to service by agreeing to the terms of the Forbearance Agreement. In Paragraph 17 of the Forbearance Agreement, the Agnews agreed to appoint an attorney-in-fact to confess judgment against them and "ratif[ied] and confirm[ed] the acts of said attorney-in-fact as if done by themselves." J.A. 26. Virginia law requires service only of a judgment confessed by an attorney-in-fact, not one confessed by the judgment debtors themselves. Va. Code Ann. § 8.01-438. By ratifying

6

the confession of judgment as if they, rather than their attorney-in-fact, had confessed the judgment themselves, the Agnews waived the service requirement.

In addition to this language, the Agnews' failure to raise this objection for almost a decade further demonstrates that the Agnews intended to waive service. The 2000 Forbearance Agreement contemplated the immediate entry of a confessed judgment. In fact, the first operative paragraph of the agreement began "AGM and Agnew, jointly and severally, agree to confess judgment in favor of ULC." J.A. 23. Despite this, the Agnews did not raise any objection to the service of the confessed judgment for nine years. The Agnews voluntarily entered into the Forbearance Agreement and received the benefits it conferred upon them. They cannot now complain that a confessed judgment was entered according to the terms of that agreement.[2]

### B.

The Agnews next challenge the district court's rejection of their claim that they were released from personal liability under the terms of the Forbearance Agreement. Again, we review de novo the district court's grant of summary judgment and apply Virginia law to the Forbearance Agreement.

When the Agnews agreed to the Forbearance Agreement, they were engaged in litigation with Resource Bank, and the agreement contemplated the Agnews' recovery

---

[2] We also note that the Circuit Court of the City of Richmond found "that by their subsequent actions, [the Agnews] waived their right to challenge the validity of the Confession of Judgment based on lack of service." J.A. 145. While this holding has no preclusive effect because the Agnews' bankruptcy prevented the case from being litigated to a final judgment, our conclusion about state law is bolstered by the fact that a state court concurs with it.

from that litigation as a means of paying part of the confessed judgment. Moreover, the Forbearance Agreement provided that "[u]pon the conclusion of the Resource Litigation, whether by final unappealable verdict or full settlement, and regardless of the outcome, ULC shall release Agnew from personal liability on the Judgment." J.A. 24.

The Agnews failed to prosecute the Resource Litigation, and it was dismissed under Va. Code Ann. § 8.01-335(B), which allows Virginia courts to dismiss an action that has been pending without any orders or proceedings for more than three years. The Agnews argue that this dismissal satisfies the requirement for the release of personal liability under the Forbearance Agreement because such a release happens at the conclusion of the litigation, "regardless of the outcome."

This argument misreads the Forbearance Agreement. "Regardless of the outcome" modifies "whether by final unappealable verdict or full settlement," not just "conclusion of the Resource Litigation." In other words, the agreement releases the Agnews from personal liability upon a final unappealable verdict, whether it favors the Agnews or Resource, or upon a full settlement, whether it is for more or less than anticipated. What the agreement does not contemplate is what the Agnews want: for them to be able to walk away from the Resource Litigation, fail to litigate to a final judgment or settlement, and yet still obtain a release. As the district court correctly held, "the Agnews were required to fully prosecute the Resource Litigation to full settlement or final unappealable verdict before being released from personal liability under the Forbearance Agreement." J.A.

8

1285-86. Because the Agnews failed to secure a full settlement or a final unappealable verdict, they are not released from personal liability under the Forbearance Agreement.

C.

We find similarly unpersuasive the Agnews' appeal of their claims that ULC breached the Forbearance Agreement. The district court granted ULC's motion to dismiss these claims because they are barred by Va. Code Ann. § 8.01-246, which provides a five-year statute of limitations for breach of contract claims.[3] We review de novo a district court's grant of a motion to dismiss. *Cochran v. Holder*, 564 F.3d 318, 322 (4th Cir. 2009).

Rather than argue that their claims are timely under § 8.01-246, the Agnews assert that the statute of limitations does not apply. First, they try to evade the statute of limitations by pleading their claims under 11 U.S.C. § 542, the turnover provision of the bankruptcy code. Section 542 allows for the collection of debts owed to a bankruptcy estate, but it is not meant as a substitute method for resolving contractual disputes: "It is settled law that the debtor cannot use the turnover provisions to liquidate contract disputes or otherwise demand assets whose title is in dispute." *United States v. Inslaw,*

---

[3] While the Agnews' notice of appeal failed to include the district court's May 20, 2015 order dismissing the contract claims, "an error in designating the issue appealed will not result in a loss of appeal as long as the intent to appeal a specific judgment can be fairly inferred and the appellee is not prejudiced by the mistake." *Bogart v. Chapell*, 396 F.3d 548, 555 (4th Cir. 2005) (quoting *Canady v. Crestar Mortgage Corp.*, 109 F.3d 969, 974 (4th Cir. 1997)). The Agnews' intent to appeal these claims can be inferred from their general reference to the dismissal with prejudice of the case in their notice of appeal and their discussion of these claims in their opening brief. Moreover, ULC fully briefed these issues and so was not prejudiced. We thus have jurisdiction to hear the appeal of these claims.

*Inc.*, 932 F.2d 1467, 1472 (D.C. Cir. 1991). The Agnews have pled garden-variety breach of contract claims, and these simply cannot be raised under § 542.

The Agnews also attempt to avoid the statute of limitations by styling their breach of contract claims as seeking a declaratory judgment on an affirmative defense. "[W]hether affirmative defenses are exempt from statutes of limitations largely hinges on a realistic assessment of the parties' litigation posture." *City of St. Paul v. Evans*, 344 F.3d 1029, 1035 (9th Cir. 2003). Such an assessment here is similar to the one reached by the court in *Evans*: "At bottom, this lawsuit boils down to the [plaintiffs'] effort to invalidate the Agreement." *Id.* In other words, the Agnews cannot characterize these time-barred claims as affirmative defenses in order to invalidate the Forbearance Agreement.

In short, as the district court noted, the Agnews are raising ordinary breach of contract claims based on "events that took place between June 8, 2000 and 2002." J.A. 275. Having occurred over five years before the Agnews brought suit, these claims are barred by the statute of limitations.

D.

The Agnews also object to the sanctions imposed by the district court. Courts may assess attorneys' fees as a sanction on a party who "multiplies the proceedings in any case unreasonably and vexatiously."[4] 28 U.S.C. § 1927. We review a district court's

---

[4] While the district court did not cite the authority under which it was imposing sanctions, its reasoning mirrors the requirements of § 1927. The Agnews have waived any argument against the sanctions based on the failure to cite § 1927.

imposition of sanctions for abuse of discretion and its factual findings underlying those sanctions for clear error. *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 443 (4th Cir. 2011).

The district court here imposed sanctions because the Agnews filed a heavily redacted transcript of a prior state court proceeding. The Agnews included only three pages of the transcript and erased anything on those three pages that did not help their underlying argument. The redactions resulted in misleading the court about the context of the proceeding, and the district court found that "the submissions made by [the Agnews] appear to constitute intentional misrepresentation or attempted deception." J.A. 1278 n.4. Moreover, the district court found that these representations "prolonged this litigation." *Id.* The district court ordered ULC to prepare a judgment with sanctions reflecting ULC's cost of briefing the summary judgment motions. After considering the Agnews' response to the proposed judgment, the district court imposed $5,000 in sanctions to cover a portion of ULC's costs.

The Agnews claim that they did not act in bad faith because they believed that their underlying legal argument was meritorious. This claim may be true, but it misinterprets the sanctions. The district court did not sanction the Agnews for raising a frivolous argument; it sanctioned them for submitting a transcript with unreasonably heavy redactions. The Agnews' passing claim that these redactions were done "in good faith and for the sake of brevity," App. Br. at 45, is not sufficient to explain such heavy redactions or to undermine the district court's finding that the transcript was misleading

11

and was submitted in bad faith. Likewise, the Agnews do not present us with evidence to overcome the district court's finding that the confusion caused by the heavily redacted transcript prolonged the proceedings and resulted in additional work for ULC's attorneys. Thus, we do not believe that the district court abused its discretion in imposing the limited sanctions that it did.

E.

Finally, the Agnews appeal the district court's denial of their motion for leave to file an untimely brief in opposition to ULC's motion for summary judgment. We review the district court's decision here for abuse of discretion. *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996).

A district court may extend a deadline for good cause if the party can show that the delay was "because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "'Excusable neglect' is not easily demonstrated, nor was it intended to be." *Thompson*, 76 F.3d at 534. In determining if a party's neglect is excusable, courts consider "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

The Agnews filed their brief in opposition to ULC's motion for summary judgment twelve days late. The Agnews' counsel claimed that this delay was because he "mistakenly calendared the wrong date." Appellants' Br. at 60. After a thorough

12

examination of the case law, the district court held that the second and third *Pioneer* factors—the length of the delay and the reason for the delay—weighed heavily against granting an extension.

The district court's reasoning is persuasive. Despite multiple opportunities to do so, the Agnews have failed to provide any explanation for their mistake other than the fact that it was a mistake. But as this court has noted, "run-of-the-mill inattentiveness by counsel" is not excusable neglect. *Thompson*, 76 F.3d at 535. Moreover, twelve days is a long delay. Thus, we hold that the district court did not abuse its discretion in denying the Agnews' motion for leave to file their untimely brief.

III.

This appeal arises out of an agreement entered into nearly seventeen years ago and follows almost a decade of litigation in state and federal courts. At this stage, the plaintiffs' claims are simply meritless. The judgment of the district court is

*AFFIRMED*.